Guy *against* OAKLEY.

Where a consignee sells the goods of his principal, under an agreement, made without the consent of his principal, that the amount of the sale should be set off against a debt due from his principal, the consignee, acting beyond the scope of his agency, is liable to his principal for the value of the goods; and, if he had directions from the consignee to sell them only at a certain price, which price he obtained by making the before-mentioned agreement, which was more than the ordinary market price, he will be liable according to the rate at which they were sold.

THIS was an action of assumpsit, brought to recover the price of thirty-three kegs of tobacco belonging to the plaintiff, and consigned to the defendant for sale.

The tobacco in question was, in *October*, 1813, consigned by the plaintiff, a merchant residing at *Richmond* in *Virginia,* to the defendant, a commission merchant in *New-York,* to be sold on commission. The plaintiff, in a letter to the defendant, dated *November* 1, 1813, says, that he was in hopes that the tobacco would sell for 20 cents, and that two kegs of it were

of a quality that sold in *Richmond* for 50 cents a pound; " still," he adds, " you must do the best with it you can, and I shall be satisfied." In a subsequent letter of the plaintiff to the defendant, dated the 14th *November*, 1813, written in reply to a letter of the defendant, in which he remarks upon the quality of the tobacco consigned to him, the plaintiff says, " I do not wish the part which was considered by you as the worst, sold for less than 15 cents, and that which is good at 18 to 20 cents. These prices I think may be obtained in the winter, and I do not like to lose by an article after taking so much trouble to get it to market." This letter the defendant answered on the 20th *November*, 1813, promising to observe the plaintiff's instructions.

On the 9th *November*, 1813, the defendants sold two kegs of tobacco at 18 cents per pound, and on the 1st of *February*, 1814, another keg at 15 cents per pound, for all of which the defendant has been paid. On the 12th of *February*, 1814, the defendant sold and delivered to a purchaser, the residue of the tobacco, part of it at 18 cents, and part at 15 cents, amounting in the whole to 778 dollars and 71 cents, under an agreement made, without the knowledge or consent of the plaintiff, with the purchaser, that the amount of such sale should be credited on a certain promissory note made by the plaintiff and held by the purchaser, as agent of one *John Parkhill*, for 1,099 dollars and 20 cents; in consequence of which the purchaser allowed a price higher than the then ordinary market price. *Parkhill* had since offered to allow the plaintiff a credit on the note to the amount of the sale, which the plaintiff refused.

A verdict was taken for the plaintiff, subject to the opinion of the court on the above case.

*P. W. Radcliff*, for the plaintiff.

*T. A. Emmet*, for the defendant.

*Per Curiam.* The plaintiff must have judgment upon the verdict as found, without any deduction. The tobacco was put into the hands of the defendant as a commission merchant, with instructions not to sell under a certain price. The defendant, in his character of commission merchant, had no authority to make any stipulation that the avails of the tobacco should be

credited upon the plaintiff's note, which was held by *Parkhill.* He probably supposed he was doing an act which would meet the approbation and sanction of the plaintiff. But this was a hazard he took upon himself; it was not within the scope of his agency. If the sale had been made by the defendant, under his first instructions, by which he was vested with discretionary powers, as to price, there would, under the circumstances of the case, be some strong reason for making him responsible only for the market price of the tobacco. He, no doubt, acted in good faith; and, as he supposed, for the best interest of his principal. But the plaintiff, by his subsequent orders, limited the defendant, as to the price, and he had no right to sell under it; and he having, in fact, sold at such price, he must be responsible to the plaintiff for the amount of sales at that rate.

Judgment for the plaintiff.